UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA LOPEZ-FRAUSTO,<br><br>        Plaintiff,<br><br>    v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>        Defendant. | Case No.: 1:20-cv-1611 JLT<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS<br>(Doc. 2)<br><br>ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO AMEND |

        Amanda Lopez- Fausto seeks to proceed *in forma pauperis* with an action for judicial review of the administrative decision denying an application for Social Security benefits. Pending before the Court are the complaint and the motion to proceed *in forma pauperis*. (Docs. 1, 2) For the following reasons, Plaintiff's motion to procced *in forma pauperis* is **GRANTED** and the complaint is **DISMISSED** with leave to amend.

**I.    Proceeding *in forma pauperis***

        The Court may authorize the commencement of an action without prepayment of fees "by a person who submits an affidavit that includes a statement of all assets such person … possesses [and] that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). The Court reviewed the financial status affidavit (Doc. 2) and finds the requirements of 28 U.S.C. § 1915(a) are satisfied. Therefore, Plaintiff's request to proceed *in forma pauperis* is **GRANTED**.

///

1

## II. Screening Requirement

When an individual seeks to proceed *in forma pauperis*, the Court is required to review the complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous, malicious or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2). A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

## III. Pleading Standards

General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the claim showing the pleader is entitled to relief; and … a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). The purpose of the complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). The Supreme Court noted,

> Rule 8 does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague and conclusory allegations do not support a cause of action. *Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982). The Court clarified further,

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation]. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'

*Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

### IV.     Judicial Review and Administrative Remedies

Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability benefits. (Doc. 1) The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of such decision or within such further time as the Commissioner may allow. Such action shall be brought in the district court of the United States for the judicial district in which the plaintiff resides, or has his principal place of business . . . The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing.

*Id.* Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

The Supreme Court interpreted the requirement that there be a final decision to obtain judicial review under section 405(g) as including two elements: (1) a waivable requirement that the administrative remedies required by the Social Security Act be exhausted; and (2) a non-waivable requirement that a claim for benefits was presented to the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 328 (1976); *see also Kildare v. Saenz*, 325 F.3d 1078, 1082 (9th Cir. 2003) ("A final decision has two elements: (1) presentment of the claim to the Commissioner, and (2) complete exhaustion of administrative remedies").  If these elements are not satisfied and "a claimant fails to request review from the [Appeals] Council, there is no final decision and, as a result, no judicial review in most cases. *Sims v. Apfel*, 530 U.S. 103, 107 (2000).  The Supreme Court explained, a claimant who has not requested review by the Appeals Council "may not obtain judicial review because he has failed to exhaust administrative remedies."  *Id.*

### V.     Discussion and Analysis

Plaintiff seeks to appeal the final administrative decision denying her applications for disability insurance benefits and supplemental security income.  (Doc. 1)  She reports, "The ALJ issued a decision denying plaintiff's claim for benefits on September 21, 2020." (*Id.* at 2)  According to

3

Plaintiff, "The United District Court remanded Amanda Lopez-Frausto's claim for benefits [in] *Lopez-Frausto v. Berryhill*, 1:17-cv-01106-JLT." (*Id.* at 2, ¶ 8)  Thus, Plaintiff asserts the ALJ's "decision on remand became the final decision of the Commissioner after remand 60 days after September 21, 2020, because neither Amanda Lopez-Frausto filed exceptions nor did the Appeals Council initiate own motion review." (*Id.*)

When a federal court remands a case for further consideration, the ALJ's new decision becomes the final decision of the Commissioner after remand unless the Appeals Council assumes jurisdiction of the case. 20 C.F.R. §§ 404.983, 404.984(a). A claimant who disagrees with the ALJ's decision in whole or in part may but is not required to file written exceptions with the Appeals Council within 30 days of the decision. 20 C.F.R. § 404.984(b)(1). If no exceptions are filed and the Appeals Council does not assume jurisdiction within 60 days of the decision, the ALJ's new decision becomes the final decision of the Commissioner after remand. 20 C.F.R. § 404.984(c), (d).

Significantly, however, this Court did *not* remand Plaintiff's claim for benefits in Case No. 1:17-cv-1106-JLT.[1] To the contrary, the Court affirmed the administrative decision denying Plaintiff's applications for benefits and directed entry of judgment in favor of Nancy A. Berryhill, Acting Commissioner of Social Security on February 4, 2019. (Doc. 17)  Thus, Plaintiff did not receive a favorable determination from the Court, and it does not appear the matter was before the ALJ on remand from the Court.  Consequently, it is not clear whether Plaintiff properly exhausted her administrative remedies for the decision issued by the ALJ on September 21, 2020.

## VI.   Leave to Amend the Complaint

If the Court determines that a complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would

---

[1] The Court may take judicial notice of a fact that "is not subject to reasonable dispute because it (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *see also United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). Judicial notice may be taken of court records. *Mullis v. U.S. Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987). Accordingly, the Court takes judicial notice of its docket and orders issued in Case No. 1:17-cv-1106-JLT.

4

entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Palmer v. Roosevelt Lake Log Owners' Assoc., Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981).

The Court cannot find with certainty that Plaintiff cannot allege facts supporting a determination that she exhausted her administrative remedies and the Court has jurisdiction over the matter. Thus, the Court will grant Plaintiff leave to amend the complaint to cure the deficiencies of this complaint and clarifying whether she exhausted her administrative remedies. Failure to cure the deficiencies will result in a recommendation that the matter be dismissed. The amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint." Accordingly, the Court **ORDERS**:

1. Plaintiff's motion to proceed *in forma pauperis* (Doc. 2) is **GRANTED**;
2. Plaintiff's complaint is **DISMISSED** with leave to amend; and
3. Plaintiff is **GRANTED** fourteen days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice.

IT IS SO ORDERED.

Dated: **November 16, 2020**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE