UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMANDA LOPEZ-FRAUSTO, | Case No. 1:20-cv-01611-CDB |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S COUNSEL'S UNOPPOSED MOTION FOR ATTORNEY'S FEES UNDER 42 U.S.C. § 406(b) |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | (Doc. 21) |

Pending before the Court is the motion of Steven G. Rosales ("Counsel"), counsel for Plaintiff Amanda Lopez-Frausto ("Plaintiff"), for an award of attorney's fees pursuant to 42 U.S.C. § 406(b), filed on December 17, 2025. (Doc. 21). The motion seeks attorney's fees in the amount of $23,817.00 for representing Plaintiff in federal court. *Id.* at 1. Plaintiff did not file any opposition or response to Counsel's motion and Defendant does not oppose granted the relief Counsel seeks. (Doc. 22).

**I.     Relevant Background**

On March 6, 2018, Plaintiff and Counsel entered into a contingency fee agreement. (Doc. 21 ¶ 2; Doc. 21-1). The parties agreed to attorney's fees in the amount of 25% of the past-due benefits that were awarded to Plaintiff in the event she prevailed in her case. (Doc. 21-1 at 1). Further, the agreement provided that Counsel could seek fees pursuant to the Equal Access to

1

Justice Act ("EAJA"). *Id.*

Plaintiff filed a complaint in this Court on November 12, 2020, appealing the Commissioner of Social Security's ("Commissioner" or "Defendant") decision denying her application for benefits. (Doc. 1). Plaintiff filed a motion for summary judgment on September 3, 2021. (Doc. 15). On October 1, 2021, the parties filed a stipulated request for voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 16). On October 4, 2021, the Court remanded the action for further administrative proceedings. (Doc. 17).

On November 22, 2021, the parties filed a stipulated request for award of attorney's fees pursuant to the EAJA. (Doc. 19). On November 23, 2021, the Court granted the request for award and payment of attorney's fees pursuant to the EAJA and Counsel was awarded EAJA fees in the amount of $4,528.20. (Doc. 20).

Following remand, the Commissioner issued a favorable decision awarding benefits to Plaintiff. (Doc. 21-2). The Social Security Administration sent Plaintiff a Notice of Award dated October 15, 2025. *See* (Doc. 21-3). The Notice of Award confirmed that $23,817.00 was withheld as 25% of past-due benefits for payment for her Counsel. *Id.* at 3.

On December 17, 2025, Counsel filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) seeking an award of $23,817.00 in attorney's fees, representing 25% of Plaintiff's past-due benefits. (Doc. 21). Counsel filed an accompanying proof of service that the instant motion was served on Plaintiff by U.S. mail on December 17, 2025. (Doc. 21 at 19). Defendant filed a response indicating no objection to the motion. (Doc. 22). Plaintiff did not file an opposition or statement of non-opposition to Counsel's motion and the time to do so has passed.

## II.    **Legal Standard**

An attorney may seek an award of fees for representation of a Social Security claimant who is awarded benefits:

> Whenever a court renders a judgment favorable to a claimant under [42 U.S.C. § 401, *et seq*] who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment…

42 U.S.C.§ 406(b)(1)(A); *see Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (Section 406(b) controls fees awarded for representation of Social Security claimants). The Commissioner typically does not act as an adversary, but "plays a part in the fee determination resembling that of a trustee for the claimants." *Gisbrecht*, 535 U.S. at 798 n.6 (2002). Thus, "[b]ecause the [Commissioner] has no direct interest in how much of the award goes to a counsel and how much to the disabled person, the district court has an affirmative duty to assure that the reasonableness of the fee is established." *Crawford v. Astrue*, 586 F.3d 1142, 1149 (9th Cir. 2009); *see Gisbrecht*, 535 U.S. at 808-08 (the 25% statutory maximum fee is not an automatic entitlement, and the court must ensure that the fee requested is reasonable). In determining whether the requested fee is reasonable, the court considers (1) the character of the representation and the results achieved by the representative, (2) whether the attorney is responsible for delay in effectuating benefits, and (3) whether the requested fee is reasonable in light of the amount of time the attorney spent in litigating the case. *Gisbrecht*, 535 U.S. at 808; *Crawford*, 586 F.3d at 1149.

### III. <u>Discussion</u>

Pursuant to Local Rule 230(c), the undersigned will construe Plaintiff's failure to file an opposition to Counsel's motion as non-opposition to the relief requested. *See* E.D. Cal. L.R. 230(c).

Counsel for Plaintiff's motion for attorney's fees is reasonable. Counsel is an experienced attorney who secured a successful result for Plaintiff in this action. *See* (Docs. 15, 17, 18). There is no indication that a reduction of fees is warranted due to any substandard performance by Counsel. There is also no evidence that Counsel engaged in any dilatory conduct resulting in excessive delay. Indeed, Counsel's itemized bill (Doc. 21-4) reflects 24.1 hours of time to review the 2260-page administrative record and draft a motion for summary judgment with approximately 20 pages of argument. (Docs. 12, 15). The Court finds 24.1 hours is a reasonable amount of time for the performance of those tasks.

The Court also finds that the total amount sought does not appear to be disproportionate to the amount of time Counsel spent on the case. Counsel for Plaintiff requests an hourly rate of $988.25 ($23,817.00 / 24.1 hours). Though significant, the amount requested cannot be said to be a windfall. *See Smith v. Kijakazi*, No. 1:13-cv-01717-BAK-SKO, 2022 WL 1471035, at *2 (E.D.

Cal. May 10, 2022) (collecting cases finding that similar amounts in attorney's fees requested were appropriate); *Anthony v. O'Malley*, No. 1:21-CV-01604-SKO, 2024 WL 4770287, at *3 (E.D. Cal. Nov. 13, 2024) (collecting cases and finding effective hourly rate of $1,237.96 not excessive); *Garcia v. O'Malley*, No. 1:20-cv-01366-SKO, 2024 WL 1118782, at *3 (E.D. Cal. Mar. 14, 2024) (collecting cases and finding effective hourly rate of $2,307.69 not excessive); *see also Villa v. Astrue*, No. CIVS-06-0846 GGH, 2010 WL 118454, at *1 n.1 (E.D. Cal. Jan. 7, 2010) (noting that "[i]n practice, the more efficient counsel is in court, the higher will be the hourly fee amount represented in a § 406 fee award").

Similarly, the $23,817.00 total amount is consistent with contingent fee awards granted under § 406(b). *See, e.g., Aguilera v. Comm'r of Soc. Sec.*, No. 1:21-cv-00819-GSA, 2024 WL 3937517, at *2 (E.D. Cal. Aug. 23, 2024) ($27,699.75); *Jamieson v. Astrue*, No. 1:09-cv-00490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) ($34,500); *Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *3 (E.D. Cal. Apr. 3, 2015) ($44,603.50).

Accordingly, the Court finds the fees sought by Counsel are reasonable in light of the results achieved in this action. An award of attorney's fees pursuant to § 406(b) in the amount of $23,817.00 is appropriate but must be offset by any prior award of attorney's fees granted under the EAJA. *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $4,528.20 in fees pursuant to EAJA (Doc. 20), Counsel shall refund the amount of $4,528.20 to Plaintiff.

## IV.   **Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Counsel for Plaintiff Steven G. Rosales' unopposed motion for authorization of attorney fees under 42. U.S.C. § 406(b) (Doc. 21) is GRANTED;

2. Counsel for Plaintiff Steven G. Rosales is awarded § 406(b) attorney's fees in the amount of $23,817.00; and

///

///

///

///

4

3. Upon the receipt of the full attorney's fees, pursuant to 42 U.S.C. § 406(b), Counsel for Plaintiff Steven G. Rosales shall reimburse to Plaintiff the full amount of the EAJA fee ($4,528.20) previously awarded. (Doc. 20).

IT IS SO ORDERED.

Dated:   **February 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

5